| | | | | |
|---|---|---|---|---|
| Minute Order Form (06/97) | | | | |
| | United States District Court, Northern District of Illinois | | | |
| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 02 C 3215 | | DATE | 11/15/2002 |
| CASE TITLE | U.S. ex rel. Michael Clark vs. Warden Jonathan R. Walls | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. For the Foregoing reasons, the Court grants respondent's motion to dismiss Clark's habeas corpus petition (doc. No.14-1) and hereby terminates this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices 3 | |
| | Notices mailed by judge's staff. | NOV 18 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 16 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TP | courtroom deputy's initials | NOV 18 2002 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES OF AMERICA ex rel. )
MICHAEL CLARK, )
)
        Petitioner, )
v. )     Judge Ronald A. Guzmán
)
WARDEN JONATHAN R. WALLS, )     02 C 3215
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Before this Court is respondent Jonathan Walls' motion to dismiss the petition for writ of habeas corpus of petitioner Michael Clark ("Clark"), who is serving three 24-year prison terms for aggravated criminal sexual assault. For the reasons provided in this Memorandum Opinion and Order, respondent's motion is granted.

## FACTS

NOV 18 2002

On August 2, 1996, Clark was convicted of three counts of aggravated criminal sexual assault. Since his conviction, Clark has filed a petition for direct review and two separate petitions for collateral post-conviction relief, none of which have been successful.

After the Illinois Appellate Court denied his direct appeal (Resp't's Ex. A, *Illinois v. Clark*, No. 1-96-3331 (Ill. App. Ct. Oct. 14, 1997)), Clark petitioned for leave to appeal the decision of the Illinois Appellate Court. The Illinois Supreme Court denied his petition. (Resp't's Ex. B, *Illinois v. Clark*, No. 84609 (Ill. Feb. 4, 1998).)

Not having any success with his direct appeal, Clark filed his first of two *pro se* post-conviction petitions on August 3, 1998. His first post-conviction petition was



dismissed as frivolous and patently without merit by the trial court. (Resp't's Ex. D, *Illinois v. Clark*, No. 95 CR 30761 (Ill. Cir. Ct. Oct. 23, 1998).) Clark appealed the trial court's ruling. However, the State Appellate Defender representing Clark filed a motion for leave to withdraw as counsel arguing that an appeal in the case would be frivolous and Clark supported the State Appellate Defender's motion as well as moving for a dismissal of the appeal. (Resp't's Ex. E, *Illinois v. Clark*, No. 1-98-4658 (Ill. App. Ct. Dec. 23, 1999).) The Appellate Court granted the State Appellate Defender's motion to withdraw as counsel as well as Clark's motion to withdraw the appeal. *Id.*

On December 7, 1999, Clark filed a second *pro se* post-conviction petition. On September 14, 2001, the Illinois Appellate Court dismissed the petition as untimely. (Resp't's Ex. F, *Illinois v. Clark*, No. 1-00-0332 (Ill. App. Ct. Sep. 14, 2001).) On February 6, 2002, the Supreme Court of Illinois denied Clark's petition for leave to appeal the dismissal of his second post-conviction petition. (Resp't's Ex. G, Letter from Sup. Ct. of Ill. to Att'y Gen'l of 2/6/02.)

In another case before this Court, *Clark v. Cowan*, No. 00 C 2600, Clark filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion asking that this Court stay or hold the case in abeyance until all state court proceedings were resolved. On May 23, 2000, this Court in a minute order dismissed that habeas petition without prejudice stating:

> The petitioner may file a motion for reinstatement, along with an amended petition, within sixty days after the termination of proceedings in the Illinois state courts relating to petitioners' now pending post-conviction petition. If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final on the next court day.

(Pet'r's Ex., *Clark v. Cowan*, No. 00 C 2600 (N.D. Ill. May 23, 2000).) Clark never appealed this Court's ruling of May 23, 2000.

## DISCUSSION

The previous decision of this Court clearly states that the dismissal of Clark's previous petition for a writ of habeas corpus, while granted without prejudice, would become final if no motion for reinstatement was filed within sixty days of the termination of state court proceedings. As no such motion was filed, that dismissal is now final. Moreover, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation on petitions for writ of habeas corpus which starts to run once a judgment becomes final. 28 U.S.C. § 2244(d)(1)(A) (West 2002). Although Clark's first post-conviction petition tolled the period of limitations, his instant petition is, nevertheless, untimely.

This Court will address the finality of Clark's previous petition and then move to the untimely nature of the instant petition. However, this Court must first address *sua sponte* the jurisdictional issue of whether the instant petition is a second or successive petition.

### A. The Instant Petition Is Not a Second or Successive Petition

AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Moreover, the Seventh Circuit has found that pursuant to AEDPA this Court "*must* dismiss a second or successive petition, without

awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Accordingly, this Court must determine if petitioner's previous filing makes his instant petition a second or successive petition.

In *Stewart v. Martinez-Villareal,* the Supreme Court determined whether a petitioner's previous habeas petition, which was dismissed as untimely, barred a later habeas petition on the grounds that the latter was a second or successive petition. 523 U.S. 637, 640 (1998). The *Stewart* Court drew analogies to cases where the petitioner's previous habeas claim was dismissed for failure to exhaust state remedies. *Id.* at 644-45. In doing so, the *Stewart* Court stated that where "the habeas petitioner does not receive an adjudication of his claim" in a prior petition, a subsequent petition is not second or successive. *Id.* at 645. To construe such a subsequent habeas claim as barred by AEDPA would "mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.*

In the instant case, this Court dismissed petitioner's previous claim due to the fact that his state court proceedings had not been resolved. (Pet'r's Ex., *Clark v. Cowan,* No. 00 C 2600, Minute Order of 5/23/00.) Accordingly, the merits of the previous petition were never reached. *Id.* To bar the instant petition would insure that the petitioner never received federal habeas review and would run contrary to the Supreme Court's ruling in *Stewart*. Therefore, the Court finds that the instant petition is not a second or successive petition, and the Court has jurisdiction to consider it.

## B. Clark's Previous Habeas Petition's Dismissal Is Now Final

Clark argues that this Court's minute order of May 23, 2000 in case number 00 C 2600 allows him to bring the instant petition. However, this Court clearly and unequivocally stated in that minute order "petitioner may file a motion for reinstatement, along with an amended petition, within sixty days after the termination of proceedings in the Illinois state courts relating to petitioner's [second post conviction petition]. If no such timely motion for reinstatement is filed by the end of that period, the dismissal order that has been entered here will become final the next court day." (Pet'r's Ex., *Clark v. Cowan*, No. 00 C 2600 (N.D. Ill. May 23, 2000).) The Illinois Supreme Court denied Clark's petition for leave to appeal the dismissal of his second post-conviction petition on February 6, 2002. (Resp't's Ex. G, Letter from Sup. Ct. of Ill. to Atty. Gen'l of 2/6/02.) Clark filed the instant petition on May 2, 2002. Even if this Court were to view Clark's instant petition as a motion for reinstatement of his first petition, which it declines to do, it was not made within sixty days of the termination of proceedings in the Illinois state courts. Accordingly, pursuant to this Court's ruling in the minute order of May 23, 2000, which Clark never appealed, the dismissal of Clark's first petition is final.

## C. Clark's Current Petition is Untimely

AEDPA imposes a one-year period of limitations for habeas petitions and outlines when that period begins and when it is tolled, stating that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) *the date on which the judgment became final by the conclusion of direct review*

5

*or the expiration of the time for seeking such review;*
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection*

28 U.S.C. § 2244(d)(1)-(2) (West 2002) (emphasis added).

Once Clark's judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review," the one-year period of limitation for habeas corpus proceedings began to run. 28 U.S.C. § 2244(d)(1)(A). The Illinois Supreme Court denied Clark's leave to appeal on February 4, 1998. However, Clark had ninety days from this date to seek a writ of certiorari from the United States Supreme Court. Accordingly, the one-year period of limitations began on May 4, 1998—ninety days from when the Illinois Supreme Court denied Clark's leave to appeal. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that period of limitation for habeas petitions under AEDPA begins to run when the time allotted for filing a writ of certiorari expires).

Additionally, the period of limitation is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). The Seventh Circuit has explained that "whether a petition is 'properly filed' depends on state law, so that if a state court accepts and entertains it on the merits it has been 'properly filed' but that if the state court rejects it

as procedurally irregular it has not been properly filed." *Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000).

The state trial court reached the merits of Clark's first petition for post-conviction relief. (Resp't's Ex. D), *Illinois v. Clark*, Case No. 95 CR 30761 (Cir. Ct. Cook Cty., Crim. Div., order of Oct. 23, 1998). The Illinois Appellate Court did not disturb the trial court's ruling when it dismissed the appeal. (Resp't's Ex. E), *Illinois v. Clark*, No 1-98-4658 (Ill. App. Ct. 1st Div. Dec. 23, 1999). Accordingly, Clark's first petition for post-conviction relief was properly filed and the period of time between the date it was filed, August 3, 1998, until the date the Appellate Court accepted a withdrawal of Clark's appeal in the case, December 23, 1999, is not counted toward the period of limitation.[1]

Clark's second petition for post conviction relief, however, was dismissed as untimely. Not leaving any question that it based its decision on the timeliness of the petition, the Illinois Appellate Court stated:

> The only way for defendant to avoid the effect of the statute of limitations on his untimely filed second postconviction petition is to have alleged sufficient facts showing that the delay in filing was not due to his culpable negligence. He failed to meet that burden.

(Resp't's Ex. F, *Illinois v. Clark*, No. 1-00-0332 (Ill. App. Ct. Sep. 14, 2001).)

Since Clark's second petition for post-conviction relief was, as a matter of state law, not properly filed, the period of limitations was not tolled by its filing. Rather, the period of limitations started running again for the second time—the first being after his judgment became final by the conclusion of direct review—when Clark's first petition for post-conviction relief was no longer pending. On December 23, 1999, the Illinois

---

[1] As such, on December 23, 1999, only 89 days (May 4, 1998—the date the judgment became final by the conclusion of direct review—to August 3, 1998) counted towards the period of limitation.

7

Appellate Court allowed Clark to withdraw the appeal of the trial court's dismissal of his first post-conviction petition. (Resp't's Ex. E, *Illinois v. Clark*, No. 1-98-4658 (Ill. App. Ct. Dec. 23, 1999).) Having sought to withdraw the appeal and having secured the Appellate Court's approval of that withdrawal, Clark cannot contend that the first petition for post-conviction relief was pending beyond that date. Accordingly, the one-year period of limitations has been running since December 23, 1999[2] and Clark's instant petition, filed on May 2, 2002, was filed over a year outside the period of limitation imposed by AEDPA. Thus, the Court dismisses Clark's instant habeas petition as untimely.

## CONCLUSION

For the foregoing reasons, the Court grants respondent's motion to dismiss Clark's habeas corpus petition [doc. no. 14-1] and hereby terminates this case.

**SO ORDERED**          **ENTERED**

HON. RONALD A. GUZMAN
**United States Judge**

---

[2] Moreover, at this point Clark had only 276 days (365 days minus the 89 days between the judgment becoming final and the filing of the first post-conviction petition) to file his habeas petition without it being barred under AEDPA's one-year period of limitation for such actions.